**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DERRICK B. JACKSON,

   Plaintiff

 v            Case Number: 1:24-cv-00200-SDG

MELYNEE LEFTRIDGE-HARRIS,
G. GRANT BRANTLEY,
PATRICK LABAT,
   Defendants.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Derrick Bernard Jackson, Plaintiff, by and through the undersigned counsel and hereby files this First Amended Complaint adding prayers for declaratory relief against the judicial Defendant(s) and more fully developing his original claims and the basis upon which these claims rely. Plaintiff states as follows:

PARTIES

1.

Plaintiff is a resident of the State of Georgia.

2.

1

Defendant Melyanne Leftridge-Harris ("Defendant Leftridge-Harris) is a resident of the State of Georgia.

3.

Defendant G. Grant Brantley ("Defendant Brantley") is a resident of the State of Georgia. Defendant Brantley was served with process.

4.

Defendant Adele Grubbs ("Defendant Grubbs") is a resident of the State of Georgia. Defendant Grubbs was served with process.

5.

Defendant Patrick Labat ("Defendant Labat") is a resident of the State of Georgia.

JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §2201. This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391.

STATEMENT OF FACT

7.

Mike and Julie McCracken are the owners of the real estate property located at 955 Tiverton Lane, Johns Creek, Georgia 30022 (the "Property").

8.

On May 17, 2020, the McCrackens and Plaintiff, Derrick Jackson, signed a Lease for Residential Property ("Lease") to be used for residential purposes and occupied by "Derrick Jackson and his children."

9.

Under the Lease, either the tenant or the landlord had a right to terminate the tenancy upon a 60-day notice to the other party "prior to the exercise of the option to purchase the Property."

10.

On or about May 18, 2020, Plaintiff and the McCrackens signed a Purchase and Sale Agreement ("Purchase Agreement") which contained an "option to purchase" the Property in consideration of $100,000, which Plaintiff paid to Mike McCracken on May 18, 2020.

11.

The payment for the option to purchase triggered an option to close which was to take place on or after May 16, 2025.

12.

On or about October 14, 2021, the McCrackens hired Paramount Properties Management Group, LLC ("Paramount Properties") for managing the Property, which included "sending notices of late rent, demanding possession of the Property,

ensuring collections, and obtaining possession of the Property." The underlying proceedings in this case were initiated by the filing of Paramount Properties' dispossessory affidavit entitled *Proceeding Against Tenant Holding Over* ("Complaint") in the Magistrate Court of Fulton County on or about January 24, 2022. Plaintiff filed his first *Answer to Complaint* on February 10, 2022. The case was transferred to the Superior Court of Fulton County and "without prejudice of any claims, counterclaims or defenses in this action" pursuant to a Consent Order entered in the Magistrate Court on April 23, 2022 ("Consent Order").

13.

Paramount Properties filed its *Amended Complaint Seeking Declaratory and Other Relief* ("Amended Complaint") on June 21, 2022, which included allegations of facts and circumstances that did not exist or ripen prior to January 24, 2022.

14.

Plaintiff filed his *Amended Answer* on October 17, 2022. Plaintiff also filed a Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Georgia, Case Number 22-58536, 2256981 on October 24, 2022.

15.

Paramount Properties then  filed a *Motion For An Immediate Writ of Possession And Release Of All Funds Held In The Registry* ("Motion for Writ") on

December 20, 2022 requesting an immediate writ of possession; and the release of all funds paid into the Magistrate Court's Registry by Plaintiff since of April 2022.

16.

Paramount Properties motion did not pray for further payments to be made into the Registry.

17.

Less than twenty-four (24) hours after Paramount Properties filed its *Motion For An Immediate Writ Of Possession And Release Of All Funds Held In The Registry* ("Motion for Writ of Possession") on December 20, 2022, Defendant, Melynee Leftridge-Harris, issued a Writ of Possession against Defendant on December 21, 2022. The Motion was not supported by evidence, a verification and a hearing was not held. Further, the *Order For Immediate Writ of Possession Due To Failure To Comply With Court Oder* [sic] of December 21, 2022 (a) granted the release of all funds held in the Registry to the Paramount Properties, (b) granted an immediate writ of possession against Plaintiff, and (c) ordered Plaintiff to pay $30,000.00 into the Registry of the Court by December 31, 2022, all without providing any accounting of how the Court made those monetary calculations.

18.

Plaintiff filed a *Motion to Vacate Order On Immediate Writ of Possession Due To Failure To Comply With Order* ("Motion to Vacate") on December 22, 2022, a

*Motion for Recusal* on December 27, 2022, a *Second Motion for Recusal* on January 20, 2023, and a *Third Motion for Recusal* on January 31, 2023.

19.

On January 5, 2023, Defendant Leftridge-Harris entered her temporary recusal pursuant to Rule 25.3.   However, on February 17, 2023, an Order Denying Defendant's Motion to Recuse Judge Leftridge was subsequently entered.

20.

On January 12, 2023, Plaintiff evicted Defendant, his fiancé and 8 of his children (two of which were adults) from the Property.

21.

Plaintiff filed a Petition for Quiet Title, Breach of Contract, Specific Performance, and attorney's fees against Arthur and Julie McCracken in the Superior Court of Fulton County, Civil Action File No. 2023CV375542 ("Quiet Title Action").   On May 30, 2023, Plaintiff amended his Complaint by adding counts for Promissory Estoppel, Unjust Enrichment, and Fraud and Deceit.

22.

Arthur and Julie McCraken moved for summary judgment in the Quiet Title Action.   Defendant Grubbs entered an Order on September 8, 2023 drawing a legal conclusion that the Plaintiff had no legal right or right in the Property due, in part, to termination provisions of the Lease relating to federal bankruptcy law.   Defendant

Grubbs drew this conclusion and legal theory *sua sponte* in both its Final Order and Order on Defendant's Motion for Attorney's Fees entered in the Superior Court of Fulton County on December 27, 2023. Specifically, Defendant Grubbs asserted that "the filing of a Petition for Bankruptcy automatically terminated the Lease and the Option to Purchase and Plaintiff had absolutely no further interest in the property."

23.

While Defendant Leftridge-Harris entered her O*rder Denying Defendant's Motions To Recuse Judge Leftridge* on February 17, 2023, its *Order Nunc Pro Tunc* on September 6, 2023, Defendant Brantley presided over a contempt Motion filed by Paramount Properties.  Defendant Brantley entered the Order on October 2, 2023 adjudging Plaintiff in contempt and subjecting him to an arrest Order for not paying monies into the registry of the Fulton County Superior Court.

COUNT TWO – PETITION FOR DECLARATORY RELIEF[1]

24.

Plaintiff realleges and incorporates the facts hereinabove, as if more fully set forth herein.

25.

Plaintiff's right to due process was violated with Defendant Leftridge-Harris when the *Order For Immediate Writ of Possession Due To Failure To Comply With*

---

[1] Plaintiff realleges and incorporates his Complaint, as if more fully set forth herein.

*Court Oder* [sic] in less than 24 hours without a hearing or evidence.

26.

Defendants Leftridge-Harris and Brantley violated Plaintiff's right to due process and equal protection of the law when they continually ruled that Paramount Properties could utilize the dispossessory process and remedies under O.C.G.A. § 44-7-50 et seq. despite no landlord tenant relationship existing between Plaintiff and Paramount Properties.

27.

Defendants Leftridge-Harris and Brantley violated Plaintiff's right to due process and equal protection of the law when they continually ruled that the relationship between the McCrackens and Plaintiff is one of landlord-tenant and not one of vendor-vendee.

28.

Defendant Brantley violated Plaintiff's right to equal protection of the law when he Ordered Plaintiff to be incarcerated for failing to pay into the Registry of the Court monies owed in a dispossessory action.

29.

Defendant Grubbs violated federal bankruptcy law by ruling that the Lease and Purchase Agreement were void upon Plaintiff filing his Bankruptcy Petition.

Defendant Grubbs then further violated Plaintiff's rights by weaponizing Georgia law and ordering him to pay over $116,000.00 in attorney's fees.

30.

Defendants actions, individually and collectively, give rise to repeated and egregious violations of Plaintiff's basic Constitutional rights for which he seeks declaratory relief and an injunction prohibiting such and further conduct, as follows:

(a) Plaintiff requests this Court enter declaratory judgment against Defendants Leftridge-Harris and Brantley for their unlawful acts of issuing an arrest warrant against the Plaintiff for his failure to pay additional money into the Court registry associated with a dispossessory action in the Superior Court of Fulton County. Said arrest warrant has never been a remedy whatsoever for a litigant's inability or unwillingness to pay funds into the Court registry and is entirely devoid of any jurisdiction on the part of the judicial defendants.  Plaintiff requests a formal declaration that said actions by Defendants Leftridge-Harris and Brantley were without any legal justification and  devoid of any jurisdictional basis.

(b) Plaintiff requests that this Court enter declaratory judgment against Judge Adele Grubbs finding her interpretation and legal conclusions surrounding

9

Federal Bankruptcy Code to be wholly erroneous and without any basis in Federal Law.

(c) Plaintiff further requests this Court enter declaratory judgment and enter an injunction against Defendants Leftridge-Harris, Brantley, and Grubbs for their clear violations of the Georgia Law governing Supersedeas Bonds for which the Plaintiff has no other adequate remedy at law.

(d) Plaintiff requests this Court enter an injunction Defendant prohibiting the Sheriff or his lawful deputies from executing any unlawful arrest warrant issued in excess of any judicial jurisdiction by any of the Defendants herein.

WHEREFORE, Plaintiff prays:

(a) That this Court grant the Complaint and enter declaratory judgment in Plaintiff's favor;

(b) That this Court enter an injunction against Defendants, individually and collectively, to cease and desist from violating his Constitutional rights;

(c) That this Court enter an injunction prohibiting Defendant Labat from enforcing any unlawful order entered in violation of Plaintiff's rights;

(d) That this Court grant Plaintiff any and all further relief that justice demands and requires.

This submission was prepared using Times New Roman 14 point font in compliance with L. Rule 5.1(C).

Submitted this 26th day of April, 2024

Respectfully submitted,

/s/ *Rebecca W. McLaws*
Rebecca W. McLaws, Esq.
Attorney for Plaintiff
Georgia Bar # 350156

3745 Cherokee St, NW
Suite 205
Kennesaw, Georgia 30144
(770) 406-6624 (office)
(770) 406-6627 (fax)
rebecca@mclawslawgroup.com

11

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DERRICK B. JACKSON,

      Plaintiff

  v                                  Case Number: 1:24-cv-00200-SDG

MELYNEE LEFTRIDGE-HARRIS,
G. GRANT BRANTLEY,
PATRICK LABAT,
         Defendants.

## CERTIFICATE OF SERVICE

This is to certify that I have served the Defendants, G. Grant Brantley and Adele Grubbs, by and through their attorney of record, with a copy of the within and foregoing Plaintiff's First Amended Complaint, via statutory electronic mail and the Court's electronic filing system, as follows:

> *Christopher M. Carr, Attorney General*
> *Laura L. Jones, Senior Assistant Attorney General*
> *Department of Law, State of Georgia*
> *40 Capital Square,*
> *Atlanta, Georgia 30334*

Respectfully Submitted this 26th day of April, 2024.

> /s/ *Rebecca W. McLaws*
> Rebecca W. McLaws
> Georgia Bar No. 350156
> Attorney for Plaintiff