## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DERRICK BERNARD JACKSON,

    Plaintiff,

            v.

MELYNEE LEFTRIDGE-HARRIS, *et al.*,

    Defendants.

Civil Action No.
1:24-cv-00200-SDG

## OPINION AND ORDER

This matter is before the court on Defendants' motions to dismiss. For the following reasons, the motions [ECFs 11, 13] are **GRANTED**.

## I.  Background[1]

In May 2020, Plaintiff Derrick Bernard Jackson leased a home located in Johns Creek, Georgia.[2] He later entered into an agreement with the owners that contained an option to purchase the property in the future.[3] But the owners' agent eventually started an eviction proceeding against Jackson; Jackson then filed for bankruptcy.[4] Jackson claims that Judge Melynee Leftridge (a judge on the Fulton County Superior Court who presided over the eviction proceeding) issued a writ

---

[1] For purposes of the motions to dismiss, the Court treats Jackson's well-pleaded factual allegations as true and construes them in the light most favorable to him. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

[2] ECF 12, ¶ 8.

[3] *Id.* ¶¶ 10–11.

[4] *Id.* ¶¶ 12, 14.

of possession against him without supporting evidence, a verification, or a hearing.[5] Judge Leftridge also allegedly directed Jackson to pay $30,000 into the court's registry.[6] And she denied Jackson's motions to recuse.[7] Judge Grant Brantley[8] ultimately held Jackson in contempt for failing to comply with the order to pay the funds into the registry.[9]

At some point, Jackson and his family were evicted from the property.[10] He sued the owners in a Fulton County Superior Court quiet title action.[11] The judge who allegedly presided over that case, Adele Grubbs,[12] concluded that Jackson had no legal right to the property because he had filed a petition for bankruptcy.[13]

---

[5]  *Id.* ¶ 17.

[6]  *Id.*

[7]  *Id.* ¶¶ 18–19, 23.

[8]  Judge Brantley is a Senior Superior Court Judge of Cobb County. https://www.cobbcounty.org/courts/superior-court/judges/senior-judges [https://perma.cc/5CJW-TLP3].

[9]  *Id.* ¶ 23.

[10]  *Id.* ¶ 20.

[11]  *Id.* ¶ 21.

[12]  Judge Grubbs is a Senior Superior Court Judge of Cobb County. https://www.cobbcounty.org/courts/superior-court/judges/senior-judges [https://perma.cc/5CJW-TLP3]. Judge Grubbs' name is spelled incorrectly in the case caption on the docket. Although she is not in the caption of either the original or amended complaint, she was served with process. *Compare* ECFs 1, 12 *with* ECF 10.

[13]  *Id.* ¶ 22.

On January 16, 2024, Jackson initiated this action pro se.[14] Through counsel, he timely amended his pleading in response to the motion to dismiss filed by Judges Brantley and Grubbs.[15] The amended complaint (the FAC) incorporates the allegations in the original Complaint.[16] Jackson asserts that his due process and equal protection rights were violated by Defendants' rulings and that Judge Grubbs violated federal bankruptcy law.[17] He also claims Judge Leftridge deprived him of his right to trial by jury.[18] Jackson asks for declaratory and injunctive relief "against the unlawful, unconstitutional orders."[19] Although he does not identify a specific basis for these claims, 42 U.S.C. § 1983 would seem to be the appropriate vehicle for an attempt to vindicate federal constitutional rights. *Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979). Jackson wants this Court to declare that Defendants' actions were without legal basis and demands $1 million in damages.[20] Defendants move to dismiss under FED. R. CIV. P. 12(b)(1) and (b)(6),

---

[14]    ECF 1.

[15]    ECF 12.

[16]    *Id.* at 7 n.1.

[17]    ECF 1, at 11; ECF 12, ¶¶ 25–30.

[18]    ECF 1, at 8.

[19]    *Id.* at 11; *see also* ECF 12, ¶ 30.

[20]    ECF 1, at 11–12; ECF 12, ¶¶ 30(a), (b).

asserting that absolute judicial immunity and the *Rooker-Feldman* doctrine bar Jackson's claims.[21]

## II.    Applicable Standard of Review

To withstand a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), a complaint must contain enough factual allegations to state a claim to relief that is "plausible on its face." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The allegations must be enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. To the extent Jackson insists the Court must apply the "no set of facts" standard espoused by *Conley v. Gibson*, 355 U.S. 41, 47 (1957),[22] that paradigm has long since been abandoned. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Twombly*, 550 U.S. at 560–63.

Defendants also argue that the Court lacks subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) based on the *Rooker-Feldman* doctrine, which bars federal court review of final state-court judgments.[23]

---

[21] ECFs 11, 13. Although the FAC names Fulton County Sheriff Patrick Labat as a Defendant, there is no record evidence demonstrating that he was served with process. Accordingly, references in this Order to "Defendants" include only Judges Leftridge, Brantley, and Grubbs.

[22] ECF 14, at 5–6.

[23] ECF 11-1, at 3–4; ECF 13-1, at 2–4.

## III.    Discussion

### A.    Defendants have absolute judicial immunity.

Judicial immunity protects judges from being sued and held civilly liable for damages based on the carrying out of their judicial duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991), *superseded on other grounds by statute as recognized in Peters v. Noonan*, 871 F. Supp. 2d 218, 226 (W.D.N.Y. 2012). "[T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12 (citations omitted); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

In opposing the motions to dismiss, Jackson argues that Defendants acted outside their judicial functions and in the complete absence of jurisdiction.[24] But he points to nothing in his pleadings supporting such broad contentions. Jackson criticizes Defendants' judicial decision-making and rulings, asserting that they violated the Constitution, and federal and state law.[25] Such arguments demonstrate that Defendants were functioning in their judicial capacities when

---

[24]    ECF 14, at 6–8.

[25]    *See, e.g., id.* at 7 ("Defendant Grubbs drew a legal conclusion and legal theory *sua sponte* . . . ."), at 8 ("Defendant Grubbs' assertion violated federal bankruptcy law . . . .").

they took the actions Jackson now complains about. He cannot satisfy the first exception to judicial immunity.

The second exception—the clear absence of all jurisdiction—is narrow. A judge is entitled to immunity even when his acts are in error, malicious, or exceed his jurisdiction. *William B. Cashion Nevada Spendthrift Trust v. Vance*, 552 F. App'x 884, 886 (11th Cir. 2014) (cleaned up). The matter on which the judge acts must clearly be outside his court's subject-matter jurisdiction to vitiate immunity. *Dykes v. Hosemann*, 776 F.2d 942, 947–48 (11th Cir. 1985) (en banc); *McCullough v. Finley*, 907 F.3d 1324, 1332 (11th Cir. 2018) (citing *Dykes*, 776 F.2d at 947–49) ("A judge acts in 'clear absence of all jurisdiction' only if he lacked subject-matter jurisdiction. That rare circumstance is not alleged here.").

Jackson argues that Defendants lacked jurisdiction because their rulings were illegal. But he never alleges that Judge Leftridge lacked the authority to hear or rule in an eviction case, that Judge Brantley had no authority to preside over a contempt proceeding, or that Judge Grubbs did not have the authority to rule in a quiet title action. That is, Jackson has not alleged that Defendants clearly lacked all subject-matter jurisdiction over the cases in which they presided. Nor could he. Georgia's superior courts have jurisdiction over (among other things) civil and criminal cases, possess equity powers, and can impose fines or jail time for contempt. GA. CONST. Art. 6, § 4, ¶ I; O.C.G.A. § 15-6-8.

Jackson's real complaint is that he disagrees with *how* these judges ruled—not that they had no business presiding over these matters in the first place. Even if Defendants exceeded their judicial authority when ruling, that is insufficient to overcome immunity. Judicial immunity is designed to shield jurists from these exact type of "the-judge-got-it-wrong" arguments. *William B. Cashion Nevada Spendthrift Trust*, 552 F. App'x at 886; *Bolin*, 225 F.3d at 1239.

Jackson asserts that judicial immunity does not bar injunctive relief, citing *Pulliam v. Allen*, 466 U.S. 522, 536–37 (1984). But injunctive relief against a judicial officer in his judicial capacity is not available in a § 1983 action unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. Jackson does not allege either of these factors in his pleadings. Even if *Pulliam* had not been superseded by this amendment to § 1983, the only prospective relief Jackson asks for is an order directing the sheriff not to arrest him (because of the contempt finding).[26] His demand for an order stating that Defendants' rulings were without legal basis, wrong, or in violation of Georgia law does not seek prospective anything.[27] And his request for an injunction directing Defendants to stop violating his constitutional rights[28] seeks no form of relief the Court has the

---

[26]   ECF 1, at 11–12; ECF 12, ¶ 30(d).

[27]   ECF 12, at 9–10.

[28]   *Id.* at 10.

authority to grant: "Obey-the-law" injunctions violate FED. R. CIV. P. 65(d) and are

unenforceable. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999).

> **B.    Even if Jackson's claims were not barred by judicial immunity, this Court would lack jurisdiction over them.**

Even if Jackson could demonstrate that Defendants acted in the absence of

all jurisdiction or identify proper prospective relief, this Court would not have

jurisdiction to hear his claims because they are prohibited by the *Rooker-Feldman*

doctrine. This doctrine applies to

> cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. The doctrine applies not only to federal claims actually raised in the state court, but also to claims that were not raised in the state court but are inextricably intertwined with the state court's judgment. A claim is inextricably intertwined if it would effectively nullify the state-court judgment or if it succeeds only to the extent the state court wrongly decided the issues.

*Fox v. Fla. Dep't of Children & Families*, 828 F. App'x 639, 640 (11th Cir. 2020)

(per curiam) (cleaned up).

Jackson argues—without authority—that the state-court proceedings are

not final because he has filed an appeal in one and the eviction/contempt

proceeding "continuously violates his rights."[29] However, the quiet title action is

---

[29]   ECF 14, at 9–10.

plainly "final." The Superior Court entered a judgment that was upheld on appeal.[30] Moreover, the relief Jackson seeks would require this Court to conclude the state courts wrongly decided the issues. *Rooker-Feldman* applies.

On the other hand, the docket for the eviction case reveals that the matter is under review by the Georgia Court of Appeals and that the trial court has not entered judgment.[31] So Jackson's assertion that the case is not final may be accurate. If so, it is not *Rooker-Feldman* that would apply but *Younger* abstention.

*Younger* abstention counsels that the Court should not interfere with non-final state-court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). This doctrine bars federal court intervention when the state-court proceedings are ongoing and implicate important state interests, and there is an adequate opportunity to raise constitutional challenges. *Adams v. Florida*, 185 F. App'x 816, 816–17 (11th Cir. 2006) (per curiam) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). Whether Jackson should have been held in contempt for violating a state-court order plainly implicates important state interests as does an action

---

[30] June 27, 2024 Remittitur (affirming Superior Court judgment), Case No. A24A0653 (Ga. Ct. App.), https://www.gaappeals.us/wp-content/themes/benjamin/docket/results_one_record.php?docr_case_num=A24A0653 [https://perma.cc/KK4Q-PB5T].

[31] Case No. A25A0121 (Ga. Ct. App.), https://www.gaappeals.us/wp-content/themes/benjamin/docket/results_one_record.php?docr_case_num=A25A0121 [https://perma.cc/4273-JFN3].

concerning ownership of real property located in the state. And federal courts should assume that state-court procedures provide parties an adequate opportunity to raise constitutional issues unless there is clear authority stating otherwise. *Chen ex rel. V.D. & D.D. v. Lester*, 364 F. App'x 531, 535 (11th Cir. 2010) (per curiam) (citing *31 Foster Children,* 329 F.3d at 1279). Jackson has not pointed to anything suggesting that Georgia's procedures do not allow him to raise his constitutional concerns.

## IV.    Conclusion

Defendants' motions to dismiss [ECFs 11, 13] are **GRANTED**. Jackson's claims are barred by absolute judicial immunity and are **DISMISSED with prejudice**. Because there is no evidence that Sheriff Patrick Labat was ever served with process, the claims against him are **DISMISSED without prejudice** pursuant to FED. R. CIV. P. 4(m).

Furthermore, counsel for Plaintiff is **ORDERED TO SHOW CAUSE**, no later than **April 28, 2025**, why the Court should not impose sanctions pursuant to FED. R. CIV. P. 11(c)(3) for violating FED. R. CIV. P. 11(b) by filing and pursuing these patently frivolous claims relying on overruled case law. The Clerk of Court is **DIRECTED** to submit this Order to undersigned after April 28.

In the interim, the Clerk is further **DIRECTED** to enter judgment consistent with this Order and close this case.

**SO ORDERED** this 28th day of March, 2025.

_____
Steven D. Grimberg
United States District Judge